IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | MAG NO. 2:26-MJ-9086-CF |
| | § | |
| MARCUS CONCEICAO, | § | |

# DEFENDANT MARCUS CONCEICAO'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO LIMIT PRE-TRIAL PUBLICITY

Defendant Marcus Conceicao hereby submits his reply to the government's response to his motion to limit the pretrial publicity in this case.

The Department of Justice ("DOJ") published inflammatory social media posts across multiple platforms, characterizing Mr. Conceicao as an "anti-ICE rioter." This characterization and public announcement thereof violated the DOJ's own regulations surrounding public statements and press releases. Only after defense counsel filed the pending motion did DOJ revise those posts. The government now asks the Court to overlook that violation, treat editing the improper posts as a sufficient remedy, and deny prospective relief that would simply require the DOJ to affirm they will follow their own rules. Nothing in the government's response offers a guarantee – or acknowledgement – that a similar violation won't happen again while this case is pending. This is a puzzling position for the government to take. Thus, the requested relief is neither moot nor unnecessary.

In response to the defense motion, the government edited its social media posts, in acknowledgment that those posts from the DOJ were inconsistent with its own policies and the local rules. The implicit concession recognizes the misstep; the relief requested by the defense is

a simple assurance for the DOJ to not repeat its policy violations, in such a politically-charged case. The government contends that its revision of the social media posts renders the relief moot and unnecessary. Mr. Conceicao disputes that the issue is moot at all, but even if the minor edits technically mooted the issue, it would be "capable of repetition yet evading review." *See, e.g., Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 546–47 (1976). If the government could momentarily sanitize any record, it is not likely that appellate review would ever be available. Accordingly, this Court should consider the arguments.

The government argues that Mr. Conceicao "has not shown a substantial likelihood of prejudice" sufficient to warrant relief. This argument inverts the applicable framework and ignores the preventive nature of the relief sought. First, the government misconstrues the applicable standard. Rules restricting attorney publicity—including Local Criminal Rule 101.1(a), NJ RPC 3.6(a), and N.J. RPC 3.8(f)—prohibit statements having "a substantial likelihood" of causing prejudice or heightening public condemnation. The government bears the burden of ensuring its statements comply with those rules *before* dissemination, not proving *after the fact* that prejudice did not occur. Second, the evidence of likely prejudice is substantial. The original posts reached an audience of millions across DOJ's social media platforms, generated hostile public commentary, and remained accessible during a critical period when public opinion about this case was forming. While the government dismisses these comments as "anonymous" and speculates that the commenters may not reside in this district, that argument ignores the reality of modern media dissemination and jury selection. Prospective jurors in this district have access to national social media. Pretrial publicity shapes community attitudes whether or not every member of the venire can be directly linked to a specific post. Further, with regards to the government's assertion that voir dire could cure the effects of pretrial publicity: voir dire addresses whether jurors can be

impartial despite exposure to publicity; it does not eliminate the source of pretrial publicity or edit the venire's memories. The relief sought is designed to prevent such exposure in the first place.

The government is correct that passage of time can substantially diminish the effects of pretrial publicity, and more so given the early stage of this case. However, time will only diminish those effects if there aren't repeat statements or more potentially prejudicial posts. We can either revisit this issue for any future post like a game of whack-a-mole, or the DOJ can *simply acknowledge* its responsibility to contribute to justice here. *See* NJ RPC 3.8(f) (special responsibilities of the prosecutors regarding extrajudicial comments).

Moreover, the government's conduct and its response to the motion illustrate precisely why the requested relief is necessary. The pattern of "post first, edit later" cannot be the standard by which the Court addresses a government action that can have a prejudicial effect on Mr. Conceicao's case and trial. Community prejudice builds cumulatively, and "[t]he theory of our trial system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence . . . ." *Skilling v. United States*, 561 U.S. 358, 378-79 (2010).

Here, the "outside influence" came directly from inside the house – the Department of Justice. The government's response refers to "the current posts" and states they *now* comply with applicable rules. This is a transparent attempt to shift focus from the violation that occurred to the sanitized version that the DOJ belatedly substituted. The Court should not reward that strategy. The government's reliance on the revised posts to demonstrate compliance is unavailing. The DOJ has proven they can, under pressure, produce compliant content; but whether it will do so without judicial oversight is a question that remains.

It is irrelevant if 28 C.F.R. § 50.2 "does not create enforceable rights for criminal defendants." This Court may prospectively order executive compliance with the executive's own binding regulations. This Court possesses inherent authority to regulate the conduct of the parties appearing before it and to ensure the fairness of proceedings within its jurisdiction. That authority necessarily includes the power to direct government counsel to comply with publicity restrictions embodied in court rules, professional conduct rules, and the executive branch's own regulations. *See United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007) (exercising supervisory authority to require compliance with constitutional standards governing attorney speech and finding such an order necessary to protect the integrity of judicial proceedings). Just recently, in *United States v. Mangione*, a District Court judge similarly ordered the government to comply with its Local Criminal Rule about extrajudicial statements and ordered the United States Attorney to advise the Attorney General and his subordinates to read the rule as well. Crim. No. 25-176, ECF No. 52 (describing verbal order from hearing). While that case was still in a death-eligible stage, this litigation involved the same problem of top Executive Department official channels disseminating prejudicial information on social media and also other media platforms. It was important there to have a Court Order in effect if the Department of Justice again violates the local rules so that an appropriate sanction may follow.

The relief sought here is modest and targeted. Mr. Conceicao asks the Court to direct the government to comply with existing policies and local rules and file a status report confirming that the directive has been communicated. The relief is designed to put government actors on notice and to prevent the precise harm the government has already caused to recur. Accordingly, Mr. Conceicao seeks the following relief:

1. Direct the government to comply with Local Criminal Rule 101.1(a), NJ RPC 3.6(a), and N.J. RPC 3.8(f);
2. Direct the government to take all reasonable steps to prevent investigators, law enforcement personnel, employees, and other persons associated with the agencies involved in this case from making, in their official capacity, any further extrajudicial statements that have a substantial likelihood of generating threats of violence towards Mr. Conceicao or otherwise prejudice these proceedings.
3. Direct the United States Attorney to ensure that the highest levels of the Department of Justice are aware of and understand they too are bound by Local Criminal Rule 101.1(a), NJ RPC 3.6(a), and N.J. RPC 3.8(f).
4. Direct the government to file a status report by a date certain, confirming that such steps have been taken.

Respectfully submitted,

/s/ **Andrea G. Aldana**
ANDREA GUISELA ALDANA
Assistant Federal Public Defender
Federal Public Defender
District of New Jersey
22 S. Clinton Ave
Station Plaza #4, 4th Floor
Trenton, NJ 08609
(609) 649-7943