**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*
*973-645-2700*

July 27, 2026

Honorable Cari Fais
United States Magistrate Judge for the District of New Jersey
Frank Lautenberg Post Office Bldg. & U.S. Courthouse
2 Federal Square
Newark, NJ 07101

Re: *United States v. Marcus Philip Conceicao*
Mag. No. 26-9086

Dear Judge Fais:

The Government respectfully requests leave to submit this Sur-Reply letter to address new arguments Conceicao raises in his Reply. *See* Dkt. No. 18.[1] Leave is appropriate where, as here, a party raises "new arguments and allegations" on reply. *United States v. Wise*, No. 20-102 (MAS), 2021 U.S. Dist. LEXIS 208623, at *5 n.4 (D.N.J. Oct. 28, 2021); *see also United States v. Wilson*, No. 22-856 (GC), 2025 U.S. Dist. LEXIS 71293, at *1 n.1 (D.N.J. Apr. 15, 2025) ("[A] moving party may not raise new issues . . . in a reply brief that it should have raised in its initial brief.") (cleaned up). The Government responds briefly to those new arguments below.

At bottom, the Reply does not answer the Opposition's central points. Nor does it meaningfully grapple with DOJ's prompt revision of the challenged posts. Instead, Conceicao changes course. He shifts focus to statements made in entirely unrelated prosecutions. He also addresses a mootness argument the Opposition never made. And most significantly, he now changes the relief he seeks—abandoning his principal request to remove the challenged posts and photographs—and instead seeking broad, prospective relief directed at the United States Attorney. These arguments fare no better than the ones before.

At the outset, the Reply attempts to shift the Court's attention to statements by DOJ officials in unrelated prosecutions. *See* Reply at 4 (comparing this case with

[1] Unless otherwise indicated, all terms have the same meanings as those in the Government's Opposition. *See* Dkt. No. 16.

the Luigi Mangione prosecution). But those statements are not at issue here. The Motion challenges DOJ's posts in *this case*. *See* Mot. at 1–2, 6. The question is thus whether *these* posts comply with Local Criminal Rule 101.1, the Rules of Professional Conduct, and 28 C.F.R. § 50.2. The Government explained that they do. *See* Opp. at 4–6. DOJ's prompt decision to revise the original posts does not establish otherwise. Those revisions were made in good faith, not as a concession that the original posts violated the authorities Conceicao cites. Statements made in unrelated prosecutions likewise do not show that the challenged posts *in this case* violate these authorities.

The Reply also fails to cure the Motion's failure to show a substantial likelihood of material prejudice. Instead, Conceicao again asks the Court to infer prejudice from the mere fact that the challenged posts appeared on social media. *See* Reply at 2 (invoking the "reality of modern media dissemination"). But that is the same inference the Motion asked the Court to make. As the Government explained, Conceicao points to no facts showing that the challenged posts are likely to prejudice these proceedings materially. *See* Opp. at 7–8. The Reply still offers none.

Conceicao's argument also proves too much. Taken to its logical conclusion, Conceicao's theory would lead to a *per se* rule. *See* Opp. at 8. Under his approach, the mere possibility that prospective jurors may view statements online would establish prejudice regardless of the content of the statements or the circumstances of the case. *See id.* The Reply cites no authority supporting that result.

Having failed to cite any meaningful fact or law in support, Conceicao attempts to invert the burden of proof. He faults the *Government* for failing to disprove prejudice. *See* Reply at 2. But as the movant, *Conceicao*—not the Government—bears the burden of establishing that the extraordinary relief he seeks is warranted.

Conceicao likewise fails to explain why ordinary safeguards against pretrial publicity are inadequate. This case is in its earliest stages, and the passage of time—together with *voir dire*—is sufficient to protect Conceicao's right to an impartial jury. *See* Opp. at 9 (citing *Patton v. Yount*, 467 U.S. 1025, 1031–36 (1984)). While Conceicao argues that *voir dire* cannot "edit the venire's memories[,]" *see* Reply at 3, he does not explain why those safeguards will be inadequate here.

Conceicao also attempts to rebut an argument the Government never made. He argues that the Motion is not moot under the capable-of-repetition exception to mootness. *See* Reply at 2. But the Government never argued that the Motion should be denied as moot. It argued that Conceicao had not shown a substantial likelihood of material prejudice, that the current posts complied with the authorities he cited,

and—following DOJ's prompt, good-faith revisions—the relief Conceicao requested was no longer necessary. *See* Opp. at 3-4.

In any event, Conceicao has not shown that the capable-of-repetition exception applies. That "narrow" exception applies "only in exceptional situations." *Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3d Cir. 2007) (cleaned up). It requires "a reasonable expectation that the *same* complaining party will be subject to the *same* action[,]" *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (emphasis added), a burden Conceicao bears, *see Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 231 (3d Cir. 2021). Conceicao does not even attempt to meet that burden: he does not even try to show why *he* is reasonably likely to face similar, future DOJ statements in *this* case.

Finally, Conceicao's shifting request for relief confirms the point. The Motion principally sought the removal of the challenged posts and photographs. *See* Mot. at 7. The Reply no longer seeks that remedy. *See* Reply at 4. Nor does the bullet-point list of relief it seeks mention 28 C.F.R. § 50.2, even though the Motion relied on that regulation a basis for relief. *Compare* Reply at 5 *with* Mot. at 7. Instead, the Reply now asks the Court to direct DOJ officials—including the United States Attorney for this District—to ensure that DOJ leadership is aware of Local Criminal Rule 101.1(a) and RPC 3.6(a) and 3.8(f). Reply at 5. But that request rests on the same unsupported claim: that the challenged posts violated, or continue to violate, these authorities. Yet Conceicao never establishes that premise. He simply assumes it.

In short, the Reply leaves the Motion where it began. Conceicao still has not shown that the current posts violate the authorities he cites, create a substantial likelihood of material prejudice, or warrant the prospective relief he now seeks. The Motion should be denied in its entirety.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY



By: ISEN KANG
Assistant U.S. Attorney